IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JUSTICE CLYDE MORGAN,  )<br>  Petitioner,  )<br>  )<br>v.  )    Case No. 1:24-cv-01194-JDB-jay<br>  )<br>HAYWOOD COUNTY JAIL,  )<br>  Respondent.  ) | |

ORDER DISMISSING CLAIMS,
DIRECTING PETITIONER TO FILE SECOND AMENDED PETITION,
DENYING PENDING MOTIONS,
AND
DIRECTING CLERK TO MAIL FORM

On September 4, 2024, the Petitioner, Justice Clyde Morgan, a pretrial detainee confined at the Haywood County Jail in Brownsville, Tennessee, filed a pro se petition under 28 U.S.C. § 2241 (the "Petition"). (Docket Entry ("D.E.") 1.)  The Court granted Petitioner's motion for leave to proceed in forma pauperis. (D.E. 13.)  He filed an amended § 2241 petition on December 4, 2024, (the "Amended Petition"). (D.E. 14.)  The Court consolidates the Petition and Amended Petition for purposes of the Court's preliminary review.[1]

I.    The Petition.

Morgan challenges his detention following his arrest for first-degree murder.  He contends that he was "brought to Haywood County, Tennessee[,] under false pretenses of waiving [his] right

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"), the Court must conduct a preliminary review of the Petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  The Habeas Rules, including Rule 4's screening provision, apply to § 2241 petitions.  *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

to extradition for a lesser charge." (D.E. 1 at PageID 1.) He maintains that Aaron Smith, an investigator for the Brownsville Police Department, committed perjury at his preliminary hearing. He claims that Smith falsely testified that he admitted to shooting Aslam Wilson and that Petitioner was a convicted felon. The inmate submits that Jenny Scott, a General Sessions Court Judge for Haywood County, abused her discretion in refusing to allow two witnesses with "exculpatory evidence" to testify at his preliminary hearing and that he was "physically assaulted and punched in the face" by Bailiff Jerry Easton during the hearing. (*Id*.)

The movant avers that he filed a motion to dismiss his indictment because it allegedly violated Tennessee Rule of Criminal Procedure 5(f), and because the "affidavit of complaint" supporting his indictment was based on Smith's false testimony. (D.E. 14 at PageID 41.) He claims that his rights under Article 1, Section 9 of the Tennessee Constitution were violated because the "unjustifiable delay" of his preliminary hearing prevented "material" witnesses from testifying. (*Id*.) He further insists that he filed additional motions in the Haywood County General Sessions Court, including a motion for a speedy trial, but none of his motions received any response.

II.  Speedy Trial Claim.

Although § 2241 establishes a federal court's jurisdiction to consider a habeas corpus petition of a state pretrial detainee, it is well-settled that a federal court should not interfere in pending state criminal proceedings except in "extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37, 45 (1971). A violation of a pretrial detainee's right to a speedy trial may present an extraordinary circumstance warranting federal intervention. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

Petitioner submits that he filed a motion for a speedy trial in state court, but he does not sufficiently allege that his right to a speedy trial has been violated. Habeas Rule 2(c) requires a petitioner to state "all grounds for relief" and "the facts supporting each ground." "Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication." *Everett v. Leibach*, No. 2:15-cv-02099-MSN-tmp, 2019 WL 13275820, at *13 (W.D. Tenn. Nov. 18, 2019). Petitioner's bare assertion that he filed a motion for a speedy trial is insufficient to plead a constitutional claim under Rule 2(c).[2] As such, to the extent that the inmate seeks to raise a claim that his right to a speedy trial has been violated, it is DISMISSED.

III.   <u>Deficient Indictment Claim.</u>

Movant maintains that his indictment is deficient because it is supported by an "affidavit of complaint" based on Smith's allegedly false testimony. (D.E. 14 at PageID 41.) He also avers, however, that he filed a motion to dismiss the indictment, which remains pending in state court. Where the issues raised in a state pretrial detainee's habeas petition "may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner," a federal court should abstain from exercising jurisdiction over a pretrial detainee's habeas corpus petition. *Atkins*, 644 F.2d at 546. Petitioner has failed to show that *Younger* abstention does not apply to his challenge to the indictment. Accordingly, the claim is DISMISSED.

---

[2] Additionally, Morgan did not use or "substantially follow" the district's official § 2241 form, and as a result, did not provide information that is required by that form and necessary for the Court's preliminary review of his speedy trial claim. *See* Habeas Rule 2(d) (requiring that a § 2241 petition "must substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule").

IV.     Remaining Claims.

Morgan's remaining allegations do not raise claims redressable under § 2241. His allegation that he was assaulted by a bailiff during his preliminary hearing has nothing to do with "the fact or duration" of his physical confinement and is not cognizable as a habeas claim under § 2241. *See Swafford v. Corr. Corp. of Am., Inc.*, No. 1:08-cv-202, 2008 WL 4646086, at *1 (E.D. Tenn. Oct. 17, 2008) (explaining that "[t]he sole function for a habeas action is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose") (internal quotation marks omitted)).

His assertion that the "unjustifiable delay" of his preliminary hearing prevented "material" witnesses from testifying (D.E. 14 at PageID 41) is essentially a complaint about state criminal law and procedures. "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Accordingly, his assault claim and claims of violations of state criminal law and procedures are DISMISSED.

V.      Leave to Amend.

All of the claims raised by Petitioner are DISMISSED because they are either insufficiently pleaded under Rule 2(c), do not fall within a recognized exception to *Younger* abstention, or are not cognizable on federal habeas review. Nonetheless, the Court GRANTS Petitioner leave to file a second amended petition clarifying his speedy trial claim. Petitioner must file his amended petition no later than twenty-eight days from the date of this order, and he must use or substantially follow the district's official § 2241 form. Failure to timely file a second amended petition will result in dismissal of this case without further notice for failure to prosecute under Federal Rule of

Civil Procedure 41(b). The Clerk is DIRECTED to mail Petitioner the district's official § 2241 form.

      VI.     <u>Pending Motions.</u>

Morgan has filed several motions seeking various forms of relief. (*See* D.E. 4, 8, 15.) He filed a "Motion for Joinder" on October 17, 2024, that seeks to join the instant habeas case with Case No. 1:24-cv-01164-SHM-tmp, which is pending before another judge in the Western District of Tennessee. (D.E. 4.) His other pending civil case was brought as a civil rights action under 42 U.S.C. § 1983, not a habeas action. The "Motion for Joinder" is DENIED.

The inmate filed a "Motion for a Writ of Mandamus" on October 28, 2024, (D.E. 8), seeking "declaratory relief" from this Court in the form of an "indictment within [sixty] days [and] a trial after indictment within [seventy] days." (*Id*. at PageID 25.) Petitioner states that he filed a written motion demanding a "fast and speedy trial" in the Haywood County General Sessions Court. (*Id*.) The self-styled "Motion for a Writ of Mandamus" relates to Morgan's insufficiently pleaded claim of a speedy trial violation, which the Court has dismissed under Habeas Rule 2(c) and granted leave to amend. Accordingly, the "Motion for a Writ of Mandamus" is DENIED.

On March 24, 2025, the prisoner filed a "Motion for Injunctive Relief" (D.E. 15), alleging that he has been assaulted, threatened, and harassed by other inmates at the Haywood County Jail. He seeks to "add" two jail employees, who he claims "intentionally put [him] in harm[']s way," to the instant habeas proceeding "in their professional and personal capacities." (*Id*. at PageID 44.) His allegation that jail employees failed to protect him from the other inmates, may be raised by filing a civil rights lawsuit under § 1983, but it is not cognizable as a habeas claim under § 2241. *See Swafford*, 2008 WL 4646086, at *1, *supra*. The "Motion for Injunctive Relief" is DENIED.

IT IS SO ORDERED this 22nd day of August 2025.

                                         s/ J. DANIEL BREEN
                                         UNITED STATES DISTRICT JUDGE