IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTICE CLYDE MORGAN,<br>Petitioner,<br><br>v.<br><br>HAYWOOD COUNTY JAIL,<br>Respondent. | ) | Case No. 1:24-cv-01194-JDB-jay |

ORDER DISMISSING AMENDED PETITION,
DENYING LEAVE TO AMEND,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Before the Court are the second and third amended 28 U.S.C. § 2241 petitions of the Petitioner, Justice Clyde Morgan, a pretrial detainee confined at the Haywood County Jail in Brownsville, Tennessee (the “Jail”). (Docket Entries (“D.E”) 17-19.) The Court consolidates the second and third amended petitions, hereinafter the “Amended Petition,” for purposes of the Court’s preliminary review.[1]

For the reasons that follow, the Court DISMISSES the Amended Petition and DENIES leave to amend.

[1]Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the “Habeas Rules”), the Court must conduct a preliminary review of a petition and determine whether “it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.” The Habeas Rules, including Rule 4’s screening provision, apply to § 2241 petitions. *See* Habeas Rule 1(b) (“The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).”).

THE INITIAL § 2241 PETITION

On September 4, 2024, the inmate filed his first § 2241 petition, in which he challenged his arrest and detention for first-degree murder. (D.E. 1.) He claimed therein that Aaron Smith, an investigator for the Brownsville Police Department, committed perjury at his preliminary hearing by falsely testifying that Morgan was a convicted felon who admitted to shooting an individual identified as Aslam Wilson. Petitioner also alleged that he filed a motion for a speedy trial as well as a motion to dismiss his indictment on the grounds that the "affidavit of complaint" supporting the indictment was based on Smith's false testimony. (D.E. 14 at PageID 41.) According to Morgan, there had been no response to his state court motions. He maintained that the unjustifiable delay of his preliminary hearing prevented material witnesses from testifying in violation of his rights under Article 1, Section 9 of the Tennessee Constitution and that, during the hearing, he was physically assaulted and punched in the face by Bailiff Jerry Easton.

On preliminary review of the initial § 2241 petition, the Court determined that Morgan failed to show that *Younger*[2] abstention did not apply to his claim that the indictment was deficient. (*See* D.E. 16.) The Court noted that, according to Petitioner, his motion to dismiss the indictment was still pending in state court. Because the claim could be resolved through the ongoing state proceedings, *Younger* dictated that this Court should abstain from exercising federal jurisdiction over the issue. In addition, the prisoner failed to sufficiently allege that his right to a speedy trial had been violated. As the Court explained, "Petitioner's bare assertion that he filed a motion for a speedy trial is insufficient to plead a constitutional claim." (*Id.* at PageID 49.)

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

The remaining allegations of assault and unjustifiable delay of a preliminary hearing were not cognizable under § 2241. In so finding, the Court observed that the claimed assault had nothing to do with "the fact or duration" of Morgan's physical confinement. (*Id*. at PageID 50.) Furthermore, Petitioner's assertion that the delay of his preliminary hearing prevented material witness testimony was essentially a complaint about state criminal law and procedures, and perceived errors of state law do not provide a basis for granting habeas relief.

The Court dismissed all of Petitioner's claims on the grounds that they were either insufficiently pleaded, did not fall within a recognized exception to *Younger* abstention, or were not cognizable on federal habeas review, and granted leave to amend the petition in order to "clarify[] [the] speedy trial claim." (*Id*.)

<u>THE AMENDED PETITION</u>

As an initial matter, the Amended Petition does not comply with the Court's order. Morgan realleges his claim that the indictment is deficient because Smith "lied on the affidavit." (D.E. 17 at PageID 57.) He also resubmits his claim that the delay of his preliminary hearing prevented material witnesses from testifying. The Court has already articulated its reasons for rejecting those claims, and Petitioner has failed to address any of the deficiencies identified in the Court's previous order.

The prisoner also raises new claims of being denied a kosher diet while at the Jail, serving extended periods in segregation, limitation of his phone access, and being harassed and assaulted by other inmates. These claims may be presented in a civil rights lawsuit under 42 U.S.C. § 1983, but are not cognizable as habeas claims under § 2241. *See Swafford v. Corr. Corp. of Am*., *Inc*., No. 1:08-cv-202, 2008 WL 4646086, at *1 (E.D. Tenn. Oct. 17, 2008) (explaining that "[t]he sole

function for a habeas action is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose").

Regarding his speedy trial claim, Morgan submits that "nearly [] sixteen months [have passed] since [his] arraignment," and that he has made "a consistent demand for a speedy trial." (D.E. 19 at PageID 69.) He adds in conclusory fashion that "the *Barker*[3] factors" show that "the State is completely at fault for the delay" in bringing him to trial. (*Id*. at PageID 71.)

Although § 2241 establishes a federal court's jurisdiction to consider a habeas corpus petition of a state pretrial detainee, it is well-settled that the court should not interfere in pending state criminal proceedings except in "extraordinary circumstances." *Younger*, 401 U.S. at 45. A violation of a pretrial detainee's right to a speedy trial may present an extraordinary circumstance warranting federal intervention. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Here, however, Petitioner has not alleged sufficient facts suggesting that there is "an extraordinarily pressing need for immediate federal equitable relief." *See Kugler v. Helfant*, 421 U.S. 117, 125 (1975).

Based on the foregoing, the Amended Petition is DISMISSED WITH PREJUDICE. Leave to amend is DENIED, as Petitioner has already been granted an opportunity to amend and, for the reasons set forth above, further amendment would be futile.

## APPELLATE ISSUES

A state prisoner asserting claims under § 2241 may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) (citing 28 U.S.C. § 2253(c)(1)(A)) ("[T]he language of § 2253(c)(1)(A) requires

[3] *Barker v. Wingo*, 407 U.S. 514 (1972.)

certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254.")

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted). A COA does not require a showing that the appeal will succeed. *Id.* at 337. Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

Here, reasonable jurists would not debate that Petitioner's claims do not fall within a recognized exception to *Younger* abstention or are not cognizable on federal habeas review. Because any appeal by Petitioner on the issues raised in the Amended Petition does not deserve attention, the Court DENIES a COA.

To appeal in forma pauperis ("IFP") in a habeas case under § 2241, a petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). The rule provides that a party seeking pauper status on appeal must first file a motion in the district court along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal IFP, the petitioner must file his motion to proceed IFP in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Ruel 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal IFP is DENIED.[4]

IT IS SO ORDERED this 3rd day of September 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

[4]If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed IFP and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the entry of this order. *See* Fed. R. App. P. 24(a)(5).